**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERT B. CAMPBELL, | |
| Plaintiff, | Civil Action No. 20-3100 (MAS) (DEA) |
| v. | **MEMORANDUM OPINION** |
| INTERNAL REVENUE SERVICE, | |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Internal Revenue Service's ("IRS" or "Agency" or "Defendant") Motion to Dismiss (ECF No. 3) Plaintiff Albert B. Campbell's ("Plaintiff") Complaint (ECF No. 1-1). Plaintiff Campbell opposed. (ECF No. 10.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion is granted.

**I.   BACKGROUND**

Campbell proceeds *pro se* in this matter. His Complaint attaches what appears to be an August 18, 1993 order from Judge William H. Gindin of the United States Bankruptcy Court for the District of New Jersey. (Compl. 9.) The order was filed in *In re: Albert B. Campbell*, 93-32367. According to the order, Campbell was "released from all dischargeable debts." (*Id.*) Creditors were "enjoined from instituting or continuing any action or employing any process or engaging in any act to collect" these debts from Campbell. (*Id.*) The Complaint also includes an attachment to the "Schedule of Creditors Holding Unsecured Priority Claims." (*Id.* 6.) That

document lists the IRS as a "creditor" with claims incurred for "personal income taxes" in 1983 for $325; 1985 for $11,819.18; and 1990 for $4,976.63. (*Id.*)

Campbell avers that, notwithstanding Judge Gindin's order, the IRS took steps to collect the 1983, 1985, and 1990 taxes. The Complaint attaches a handwritten document asserting that on May 29, 1997, the IRS "put out a [n]otice of levy to the [attention of] Employees Federal Credit Union for collection of [$]18,526.54 for federal income taxes owed 12/31/85 and 12/31/90." (*Id.* at 5.) "Subsequently, [$]2,591.65 was collected." (*Id.*) In his opposition to the Motion to Dismiss, Campbell attached a June 4, 1997 letter from Affinity Federal Credit Union. (Pl.'s Opp'n Br. 3, ECF No. 10.) According to Affinity, it "received a [n]otice of [l]evy from the [IRS] in the amount of $18,526.54." (*Id.*) The letter listed five of Campbell's accounts held at the Credit Union totaling $2,591.65. (*Id.*) Affinity informed Campbell that "if the Credit Union does not receive a [r]elease of [l]evy prior to 21 days, these funds, plus accrued interest, will be remitted to the [IRS] at the expiration of the 21 day period." (*Id.*) Campbell did not attach this letter to his Complaint. (*See generally* Compl.) It is not clear from Campbell's filings whether Affinity received the release of levy referenced in its letter, or whether the funds were remitted to the IRS. (*See generally* Compl.; Pl.'s Opp'n Br.)

Furthermore, Campbell alleges that "on June 10th the debtor contacted revenue officer V. Dinovszky and agreed to meet [on] 6/12/97 and make payment arrangements of 50.00 each month until the debtor could go back to Bankruptcy Court for a determination of discharge and obtain a discharge order for the IRS." (Compl. 5.) The Complaint does not report whether or not Campbell petitioned the bankruptcy court as discussed with Dinovszky. According to Campbell, he received a letter from the IRS on June 12, 1997 approving him for an installment plan for his taxes, and finding him to owe $11,433.26 in taxes, interest, and penalties for the period from December 31,

1985 to December 31, 1990. (Compl. 10.) Neither the Complaint nor Campbell's opposition allege that he made payments under the IRS's June 1997 installment plan.

On February 28, 2020, Campbell filed suit against the IRS in the Superior Court of New Jersey's Small Claims Section for $18,527. (Compl. 4.) The Complaint alleges that the "IRS is guilty of collecting on taxes that were discharged by judicial orders." (*Id.* at 4.) The IRS filed a Notice of Removal to this Court on March 20, 2020. (ECF No. 1.) The Agency moved to dismiss on March 26, 2020 (ECF No. 3.) Plaintiff opposed. (ECF No. 10.)

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

District courts undertake a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)) (alteration in original). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quotation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[M]ere restatements of the elements of [a] claim[ ] . . . are not entitled to the assumption of truth." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (alterations in original) (quotation omitted). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

3

"Rule 12 prohibits the court from considering matters outside the pleadings in ruling on a motion to dismiss for failure to state a claim . . . and a court's consideration of matters outside the pleadings converts the motion to a motion for summary judgment." *Kimbugwe v. United States*, No. 12-7940, 2014 WL 6667959, at *3 (D.N.J. Nov. 24, 2014). "[A]n exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis omitted) (internal quotation marks omitted). Notwithstanding these principles, courts may not consider allegations raised for the first time in a plaintiff's opposition to a motion to dismiss. *See Pennsylvania ex rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (internal quotation omitted)).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. DISCUSSION

Because Plaintiff does not specify the federal statute under which he is proceeding, the Court will analyze his claims as arising pursuant to 26 U.S.C. § 7433 or 28 U.S.C. § 1346. *Cf. Martins v. Nationstar Mortg. LLC*, No. 15-7570, 2017 WL 1324127, at *2 (D.N.J. Apr. 6, 2017) (construing a pro se plaintiff's complaint as bringing an identity theft damages claim even though the plaintiff did not specify the statute under which he sued). Plaintiff's claims must be dismissed under either of these statutes.

### A. Section 7433

First, "pursuant to 26 U.S.C. § 7433, a taxpayer may sue the United States to challenge the 'collection of Federal taxes.'" *Bullock v. IRS*, 602 F. App'x 58, 60 (3d Cir. 2015) (quoting 26 U.S.C. § 7433); *see, e.g., IRS v. Murphy*, 892 F.3d 29, 33 (1st Cir. 2018) (permitting a plaintiff to bring a Section 7433 action "alleging that an employee of the IRS willfully violated the bankruptcy court's" discharge order "by issuing levies" against certain companies, "thereby attempting to collect on his discharged tax obligations.") "This statute requires the taxpayer to first exhaust 'the administrative remedies available to such [taxpayer] within the [IRS].'" *Good v. IRS*, 629 F. App'x 185, 188 (3d Cir. 2015) (alterations in the original) (quoting 26 U.S.C. § 7433(d)(1)). Plaintiff does not, however, plead that he exhausted administrative remedies with the IRS before bringing his Section 7433 claims. (*See generally* Compl.)

Moreover, a civil action under Section 7433 "must be brought in federal district court within two years after the date the cause of action accrues." *Slutter v. United States*, No. 11-1161, 2012 WL 5960837, at *4 (E.D. Pa. Nov. 29, 2012) (citations omitted); 26 U.S.C. § 7433(d)(3). Section 7433 claims accrue when a plaintiff has had "a reasonable opportunity to discover all essential elements of a possible cause of action." *Snyder v. United States*, 260 F. App'x 488, 492, 492 n.5 (3d Cir. 2008). Campbell's Complaint admits that he was aware as early as 1997 that the

IRS was attempting to collect on the 1983, 1985, and 1990 tax claims notwithstanding the 1993 bankruptcy court order. (Compl. 5 (describing June 10, 1997 conversations with IRS officer Dinovszky regarding the IRS's allegedly improper attempts to collect the back-taxes).) This admission suggests that any claim under Section 7433 accrued decades ago. Nevertheless, Campbell failed to bring his Section 7433 claims until February 28, 2020. (ECF No. 1-1.) Campbell does not allege that he is entitled to relief from the limitations period based on such grounds as equitable tolling, fraudulent concealment, or equitable estoppel. *Compare with Snyder*, 260 F. App'x at 492 (discussing plaintiffs' arguments for relief from the statute of limitations because of alleged "acts of misconduct by the IRS and its attorneys, including their conduct in . . . bankruptcy proceedings."). The Court, accordingly, finds that Campbell has failed to state a claim under Section 7433.

### B.     Section 1346

Second, "pursuant to 28 U.S.C. § 1346(a)(1), a taxpayer may sue the United States for the 'recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected.'" *Bullock*, 602 F. App'x at 60 (quoting 28 U.S.C. § 1346(a)(1)). In order to sue under Section 1346, however, Campbell must allege that he has fully paid the taxes whose collection he now challenges. "[I]t has been the uniform rule that a taxpayer must pay the full amount of a tax assessment or penalty before he can challenge its validity in a civil action in the United States district court under 28 U.S.C. § 1346." *Komolo v. United States*, 657 F. App'x 85, 88 (3d Cir. 2016) (citation omitted). In addition to the full payment rule, similar to Section 7433, Campbell may only bring a civil action under Section 1346 after exhausting administrative remedies with the IRS. *Bullock*, 602 F. App'x at 61. Civil actions under Section 1346 to recover illegally or erroneously collected taxes must be brought "within two years after the IRS disallows the taxpayer's administrative refund claim. An administrative refund claim must, in turn, be filed

6

within two years from the date the tax was paid or three years from the time the tax return was filed, whichever is later." *EC Term of Years Tr. v. United States*, 550 U.S. 429, 431 n.2 (2007) (citing 26 U.S.C. §§ 6511(a), 6532(a)(1)-(2), 7422(a)). Campbell does not allege that he has filed a timely administrative action three years from the date his 1983, 1985, or 1990 tax returns were filed. Nor does Campbell allege that he filed a timely administrative claim with the IRS within two years of paying the taxes but before bringing this action. The Court, accordingly, finds that Campbell has failed to state a claim under Section 1346.

## IV.  CONCLUSION

Campbell's Complaint was filed on February 28, 2020. As the IRS persuasively argues, Campbell brought this action more than twenty years after discovering the elements of his Section 7433 claim. (IRS Moving Br. 6.) In his response to the Motion to Dismiss, Campbell instructs the Agency to "stop the bullshit," (Pl.'s Opp'n 2), but fails to respond to the IRS's arguments regarding the Section 7433's statute of limitations. Campbell's response also fails to present equitable principles that might estop the IRS from raising its statute of limitations defense. Furthermore, Campbell fails to plead that he has exhausted administrative remedies with the IRS before bringing his Section 7433 claims. Similarly, Campbell fails to plead exhaustion of administrative remedies for his Section 1346 claims. Nor does he allege whether and when he fully paid the disputed taxes. Even liberally construing Plaintiff's Complaint, for the foregoing reasons, the Court finds that Campbell has failed to state a claim upon which relief may be granted with respect to 26 U.S.C. § 7433 and 28 U.S.C. § 1346(a)(1).[1]

---

[1] Because the Court dismisses Plaintiff's Complaint for failure to state a claim, it need not rule on the IRS's argument that Campbell improperly served the Agency under either state or federal rules. The Court observes, however, that even where "[d]efendants have notice of the lawsuit against them, actual notice to the defendant is not the equivalent of proper service of process." *Serfess v. Equifax Credit Info. Servs., LLC*, No. 13-0406, 2015 WL 501972, at *3 (D.N.J. Feb. 5, 2015) (citing *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996). Should Campbell file an amended complaint, the Court would, accordingly, carefully consider whether the IRS was

7

For the reasons set forth above, Defendant's Motion is granted. The Complaint is dismissed without prejudice as to Campbell's 26 U.S.C. § 7433 and 28 U.S.C. § 1346(a)(1) claims. The Court will enter an Order consistent with this Memorandum Opinion. The Court will provide Plaintiff an opportunity to amend his pleading and will set forth a deadline to file an amended complaint in the accompanying Order.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

properly served, either before or after removal from state court. At this time, the Court makes no finding about whether an amended complaint and a new summons would need to be served under Federal Rule of Civil Procedure 4(i) in order to properly serve process on the United States or the IRS in this matter.

8